UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ANTHONY LORD McGEE,

       Defendant.

_____/

Case No. 2:24-cr-20238

Honorable Susan K. DeClercq
United States District Judge

## OPINION AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF OTHER BAD ACTS (ECF No. 70)

Defendant Anthony Lord McGee is charged with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). This charge stems from a shooting that occurred in Detroit, Michigan, on September 25, 2022 in the parking lot of a strip mall. A jury trial on this charge is scheduled to begin on March 24, 2026. During trial, the Government intends to offer three categories of evidence that McGee seeks to exclude from trial: (1) evidence of an ongoing feud between business-owners at the strip mall where the shooting occurred; (2) photos, videos, and text messages from McGee's phone relating to firearms; and (3) evidence of a traffic stop involving McGee that occurred 11 days before the shooting.

As explained below, McGee's motion will be denied, but some of his requests will be denied without prejudice because without the context of trial, this Court is unable to determine if some of the photos and videos should be excluded.

## I. BACKGROUND

At approximately 3:37 A.M. on September 25, 2022, a masked shooter "wearing distinct ripped jeans with patches" and underwear featuring an image and title from the *Friday the 13th* movie franchise "opened fire in a strip mall parking lot. *See* ECF Nos. 70 at PageID.406; 71 at PageID.434; 74 at PageID.479. The shooter fired between 25 and 30 rounds of ammunition before fleeing. *See* ECF Nos. 71 at PageID.434; 74 at PageID.479. Tragically, a woman who happened to be standing near the parking lot when the shooter opened fire was shot eight times and died. *See* ECF Nos. 71 at PageID.434; 74 at PageID.479.

Soon after, "Detroit Homicide investigators" began investigating the shooting and "received an anonymous tip that McGee was shooter." ECF No. 74 at PageID.479. After receiving this tip, officers searched McGee's name in law-enforcement databases and learned that McGee had been a passenger in a car that was stopped for a traffic violation on September 14, 2022. *Id.* at PageID.479–80. So officers reviewed the body-camera footage from that traffic stop "and observed McGee wearing the same type of Friday the 13th underwear" that was worn by the masked shooter on September 25, 2022. *Id.* at PageID.480. As the investigation

continued, officers obtained search warrants to review McGee's cell phone records, seize his phone, and search it. *Id.* at PageID.480–81.

In June 2024, McGee was indicted on two counts of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing ammunition as a felon, also in violation of 18 U.S.C. § 922(g)(1). ECF No. 22. In February 2025, one of the counts of being a felon in possession of a firearm was dismissed, *see* ECF No. 40, and McGee pleaded guilty to the other, *see* ECF No. 74 at PageID.481 n. 1. Thus, only the ammunition charge remains.

In advance of trial—which is scheduled to begin on March 24, 2026, *see* ECF No. 72—McGee has filed two motions *in limine*. ECF Nos. 70; 71. This opinion and order addresses only one of those motions: McGee's motion *in limine* to exclude other acts evidence. ECF No. 70. McGee argues that three categories of evidence should be excluded as inadmissible other acts evidence to which the *res gestae* exception does not apply: the evidence of the businessowners' feud, evidence related to the firearms, and evidence from the traffic stop. ECF No. 70. The Government opposes McGee's motion, arguing it is admissible *res gestae* evidence or admissible under an exception to the prohibition on other acts evidence. ECF No. 73. A hearing on McGee's motion was held on February 25, 2026.

## II. LEGAL STANDARD

"A 'motion *in limine*' is any motion 'to exclude anticipated prejudicial

evidence before the evidence is actually offered.'" *Good v. BioLife Plasma Servs., L.P.*, 605 F. Supp. 3d 947, 955(E.D. Mich. 2022), *reconsideration denied*, 647 F. Supp. 3d 555 (E.D. Mich. 2022) (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)). Motions in *limine* are designed "to narrow the issues remaining" and "minimize disruptions," *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999), and to help ensure "evenhanded and expeditious management of trials," *United States v. Phillips*, 146 F. Supp. 3d 837, 841 (E.D. Mich. 2015) (internal quotation marks and citation omitted), *aff'd in part*, 677 F. App'x 294 (6th Cir. 2017). Indeed, "the Supreme Court has authorized district courts to rule on motions *in limine* 'pursuant to the district court's inherent authority to manage the course of trials.'" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)).

"A district court should grant a motion *in limine* to exclude evidence 'only when [that] evidence is clearly inadmissible on all potential grounds.'" *Id.* (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). "In cases where that high standard is not met, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (cleaned up) (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846); *see also Good*, 605 F. Supp. 3d at 955; *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007) ("It may be desirable in many cases to defer ruling . . . until trial.").

Even when a court denies a motion *in limine*, that "does not necessarily mean that the court will admit the evidence at trial." *Phillips*, 146 F. Supp. 3d at 841. Rather, "[d]enial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III. DISCUSSION

The Government argues that all three categories of evidence that McGee seeks to exclude are admissible either as *res gestae* evidence, or, alternatively, under Rule 404(b). ECF No. 73 at PageID.449–50.

### A. Legal Standard

### 1. Rule 404(b) Evidence

Under Federal Rule of Evidence 404(b), evidence of a separate "crime, wrong, or other act" than the one charged is inadmissible to "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, evidence of a separate crime, wrong, or act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).

If the Government intends to offer any 404(b) evidence at trial, the Government must provide written, reasonable notice of its intent to offer 404(b)

- 5 -

evidence to the defendant before trial. FED. R. EVID. 404(b)(3). The notice must articulate the permitted purpose for which the Government intends to offer the evidence and the reasoning that supports that purpose. *Id.*

## 2. *Res Gestae* **Evidence**

However, "[*r*]*es gestae* evidence, also described as 'background' or 'intrinsic' evidence, is 'an exception' to the Rule 404(b) bar on propensity evidence." *United States v. Gibbs*, 797 F.3d 416, 423 (6th Cir. 2015) (quoting *United States v. Adams,* 722 F.3d 788, 810 (6th Cir.2013)). Indeed, the Sixth Circuit has held that "*res gestae* [evidence] 'does not implicate Rule 404(b).'" *United States v. Geer*, No. 23-3857, 2024 WL 4564914, at *3 (6th Cir. Oct. 24, 2024) (quoting *United States v. Martinez*, 430 F.3d 317, 335 (6th Cir. 2005)).

> As described by the Sixth Circuit in *United States v. Hardy*:
>
> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

228 F.3d 745, 748 (6th Cir. 2000).

Admitting background evidence allows the Government to "put the charges in the appropriate context." *Gibbs*, 797 F.3d at 424. Indeed, as the Sixth Circuit has recognized, "[i]t would be exceedingly difficult for witnesses to relay a story without

- 6 -

referencing preceding or contemporaneous acts that are incidental but necessary to telling a cogent story, as it relates to the charges the defendant is facing." *Id.*

But even if evidence is properly considered "background evidence," it may still be inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403; *see also United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015). "Courts must therefore 'err on the side of caution' to ensure that a party does not use this exception as a backdoor to admit otherwise inadmissible Rule 404(b) character evidence." *United States v. Peete*, 781 F. App'x 427, 433 (6th Cir. 2019) (quoting *Gibbs*, 797 F.3 at 425). The Sixth Circuit has recognized that "this [caution] is particularly necessary in felon-in-possession cases because 'the issue of possession often is tied to an act or acts that are not a part of the indictment.'" *Id.* (quoting *United States v. Brown*, 888 F.3d 829, 837 (6th Cir. 2018)).

## B. Discussion

As an initial matter, the Government's required notice of intent to introduce other acts evidence under Rule 404(b), ECF No. 70-2, was sufficient. The Government's December 31, 2025, notice identified each piece of evidence, explained why it believed each piece of evidence was *res gestae* evidence, and explained, alternatively, for what purpose the evidence would be offered as an

- 7 -

exception to Rule 404(b). *See id.* Accordingly, each piece of evidence McGee seeks to exclude will be addressed on the merits.

**1. Evidence of an Ongoing Feud Between Livernois Plaza Business-owners**

McGee first seeks to exclude evidence of an alleged ongoing "feud" between Livernois Plaza ("the Plaza") business-owners D.F., A.U., and I.E. ECF No. 73 at PageID.450–51. According to the Government, McGee worked as a security guard for D.F., who owned a hookah lounge in the Plaza. *Id.* And in the months leading up to the September 25, 2022 shooting, there were several disputes about parking space at the Plaza involving A.U., who owned a restaurant in the Plaza, and I.E., who owned a third business in the Plaza. *Id.* The Government seeks to introduce evidence of three events it says are necessary context to tell the complete story about why it alleges McGee was the masked shooter who possessed firearms and ammunition on September 25, 2022.

First, on June 18, 2022, there was a disagreement about parking at the Plaza between D.F. and I.E. that resulted in the police being called. *Id.* at PageID.451. When the police responded, McGee was present, and the parties confirmed at the motion hearing that McGee showed officers his driver's license. *See id.* McGee explained the parking dispute to the officers and said that he had asked patrons of another business in the Plaza to move their cars. *Id.* No one was arrested. *Id.*

Next, on August 21, 2022, the police were again called to the Plaza related to a parking dispute, this time between D.F. and A.U. *Id.* During the argument, D.F. fired a gun into the air. *Id.* Later that same day, another "non-fatal shooting involving D.F., his security guards, and a customer of A.U.'s restaurant" occurred, which resulted in the temporary closure of A.U.'s restaurant. *Id.* A.U.'s restaurant did not reopen until September 24, 2022, just hours before the shooting occurred. *Id.* At the motion hearing, the parties agreed that McGee was not present at Livernois Plaza at all on August 21.

Finally, the Government alleges that on September 7, 2022, McGee took photos of a white Mercedes Benz sedan—"similar to the sedan A.U. drove"—parked in the Livernois Plaza parking lot and sent them to D.F. ECF No. 73 at PageID.460.

The Government seeks to admit evidence of all three of these events as *res gestae* evidence to provide the jury with background context about the ongoing feud about parking space at the Plaza, which it says was McGee's motive for the September 25, 2022 shooting. McGee says evidence of the alleged ongoing feud is not relevant and "not essential for providing a coherent and intelligible description of the charged offense." ECF No. 70 at PageID.413 (citation omitted).

The evidence of the June 18, 2022 and August 21, 2022 disputes are relevant *res gestae* evidence. In particular, the details of the dispute provide necessary context for A.U.'s anticipated testimony, and "complete[] the story of the charged"

possession of ammunition offense, as it provides a possible explanation for McGee's motive on September 25, 2022—hours after A.U.'s restaurant reopened. *Hardy*, 228 F.3d at 748. And any potential prejudice caused by the admission of evidence of the June 18, 2022 and August 21, 2022 disputes regarding parking may be cured by a limiting instruction clarifying *how* the jury may consider the events of June 18 and August 21, 2022. To that end, the Parties are free to submit a proposed limiting instruction if they believe it is necessary.

As to the photo of the white Mercedes Benz sedan, ECF Nos. 77-1; 77-2, McGee's motion will be denied without prejudice. If the photos are indeed photos of A.U.'s car, or even photos that were taken at the Plaza parking lot, they are likely *res gestae* evidence about the ongoing feud. But if they are merely photos of an unidentified white car in an unidentified parking lot, they are less likely relevant *res gestae* evidence about the ongoing feud. At the motion hearing, the Government asserted that there were identifying features of the car and background that showed the car was indeed parked in the Plaza parking lot. But, even after examining those photos, ECF Nos. 77-1; 77-2, "without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. Thus, McGee's motion will be denied without prejudice to the extent it seeks to exclude the photos of a white sedan, allegedly parked at the Plaza.

- 10 -

In sum, evidence of the feud relating to events that occurred on June 18, 2022, and August 21, 2022, are admissible as *res gestae* evidence, so McGee's *motion in limine* will be denied to the extent it seeks to exclude such evidence. But to the extent that McGee seeks to exclude from evidence the September 7, 2022, photo from his phone of a white Mercedes Benz, McGee's motion, his motion will be denied without prejudice.

### 2. Photos, Videos, and Text Message from McGee's Phone

Next, McGee seeks to suppress (1) an April 2021 photo and video of an assault rifle that was on McGee's phone, ECF No. 70-3 at PageID.428; (2) three April 2022 photos of a Palmetto State Armory silver barrel from McGee's phone, ECF Nos. 70-4; 705; (3) a May 2022 video of an assault rifle that was on McGee's phone, ECF No. 70-6; and (4) a September 16, 2022 text message from McGee's phone in which he claims to own an AR-15, ECF No. 70-7. *See* ECF No. 70 at PageID.415.

### a. Photos and Videos

The photos and videos McGee seeks to exclude are from April 2021, April 2022, and May 2022. *See id.* The Government argues these photos and videos are *res gestae* evidence because "they have a 'casual, temporal, or spatial connection with the charged offense.'" ECF No. 73 at PageID.463 (quoting *Churn*, 800 F.3d at 779). But these photos and videos—taken anywhere from five to seventeen months *before* the shooting—are not casually, temporally, or spatially connected to the

alleged possession of ammunition on September 25, 2022. Therefore, none of these photos or videos are admissible as *res gestae* evidence.

However, the photos and videos *could* be admissible under Rule 404(b) as evidence of opportunity, knowledge, or identity *if* McGee is identifiable[1] in the particular photo or video the Government seeks to admit. But because of the inconsistencies[2] in how McGee and the Government identify and label the photos and videos at issue in their papers, this Court will deny McGee's motion without prejudice to the extent it seeks to exclude photos and videos of firearms from April 2021, April 2022, and May 2022. McGee is free to object to the admission of these photos and videos at trial, at which point this Court will be better able to evaluate whether a specific photo or video is admissible under Rule 404(b) as evidence of opportunity, knowledge, or identity, and whether the proper foundation and authentication for such a photo or video has been satisfied.

---

[1] At the motion hearing, the Government presented several photos of McGee's wrist tattoos to this Court. *See* ECF Nos. 77-6 at PageID.511;77-10 at PageID.515; 77-11 at PageID.516–17. This Court notes that if those distinctive wrist tattoos are present in any of the firearm photos or videos it seeks to admit, those photos are likely particularly probative of opportunity and identity.

[2] It is not particularly clear which photos/screenshots McGee attached to his motion correspond with which date, *see* ECF Nos. 70-1; 70-2; 70-3; 70-4; 70-5; 70-6; 70-7, and the Government does not date the photos or screenshots it submitted to this Court, either, *see* ECF Nos. 77.

*b. September 16, 2022 Text Message*

On September 16, 2022, McGee sent a text message stating "one of my ar's is a palmetto arms." ECF No. 70-7. The Government seeks to admit the text message, arguing it is *res gestae* evidence or, alternatively, admissible under Rule 404(b) as evidence of opportunity, knowledge, intent, and identity. ECF No. 73 at PageID.463–64. McGee says the text is not *res gestae* evidence and is inadmissible 404(b) evidence. *See* ECF No. 70 at PageID.415.

The text message will not be excluded from evidence because although it is not *res gestae* evidence, it is admissible under Rule 404(b) as evidence of opportunity and identity. Indeed, the text message show that McGee had the opportunity to use a Palmetto Arms rifle, and it is relevant as it relates to identifying the shooter as McGee. Accordingly, McGee's motion *in limine* will be denied to the extent it seeks to exclude evidence of this September 16, 2022 text message.

### 3. Evidence of September 14, 2022 Traffic Stop

The third and final category of evidence McGee seeks to suppress as inadmissible 404(b) evidence is all evidence of the September 14, 2022 traffic stop in which he was involved. ECF No. 70 at PageID.418. Again, the Government argues evidence of this traffic stop is admissible as *res gestae* evidence and is alternatively

- 13 -

admissible under Rule 404(b) as evidence of identity. ECF No. 73 at PageID.465–66.

Evidence of the September 14, 2022 traffic stop is not *res gestae* evidence, as it is not "directly probative of the charged offense," nor does the traffic stop "arise[] from the same events as the charged offense, form[] an integral part of a witness's testimony, or complete[] the story of the charged offense." *Hardy*, 228 F.3d at 748. Indeed, McGee was merely a passenger in the vehicle that was stopped for a traffic violation on that day, and it is entirely unrelated to McGee's alleged possession of ammunition on September 25, 2022. The only reason the Government alleges this traffic stop is relevant is because the Government says McGee was wearing the same "distinctive" *Friday the 13th* underwear during the September 14, 2022 traffic stop that the shooter wore during the September 25, 2022 shooting.

But that relevance does not make the evidence of the traffic stop *res gestae*. It merely makes the evidence of the September 14, 2022 traffic stop admissible under Rule 404(b)(2) as evidence of identity. Indeed, the evidence of the September 14, 2022 traffic stop shows that McGee owned and was wearing distinctive *Friday the 13th* underwear, which happens to be the same distinctive underwear worn by the shooter on September 25, 2022. This is unquestionably evidence to prove identity and thus will be admissible as such. Accordingly, McGee's motion *in limine* will be

- 14 -

denied to the extent it seeks to exclude evidence of the September 14, 2022 traffic stop.[3]

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the McGee's Motion *in Limine*, ECF No. 70, is **DENIED** as demonstrated by the table below:

| Evidence | Outcome |
|---|---|
| June 18, 2022 disagreement between Livernois Plaza business owners regarding parking | **Denied**—evidence is admissible as *res gestae* evidence |
| August 21, 2022 dispute at Livernois Plaza related to parking | **Denied**—evidence is admissible as *res gestae* evidence |
| September 7, 2022 photos of white sedan parked at Livernois Plaza | **Denied without prejudice**—evidence is potentially admissible under Rule 404(b)(2) as evidence of opportunity, knowledge, or identity |
| April 2021 photo and video of assault rifle | **Denied without prejudice**—evidence is potentially admissible under Rule 404(b)(2) as evidence of opportunity, knowledge, or identity |
| April 2022 photos of Palmetto State Armory silver barrel | **Denied without prejudice**—evidence is potentially admissible under Rule 404(b)(2) as evidence of opportunity, knowledge, or identity |
| May 2022 video of assault rifle | **Denied without prejudice**—evidence is potentially admissible under Rule 404(b)(2) as evidence of opportunity, knowledge, or identity |

---

[3] At the motion hearing on February 25, 2026, the Government stated it did not intend to elicit testimony about the presence of a gun in the vehicle during this traffic stop nor to suggest that McGee did anything wrong during that traffic stop. The Government also noted during the motion hearing that it would ensure the testifying officer described the stop as a stop for a traffic violation.

| | |
|---|---|
| September 2022 text message about owning a Palmetto assault rifle | **Denied**—evidence is admissible under Rule 404(b)(2) as evidence of opportunity or identity |
| September 14, 2022 traffic stop | **Denied**—evidence is admissible under Rule 404(b)(2) as evidence of identity |

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 10, 2026