UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANTHONY LORD McGEE,

        Defendant.

_____/

Case No. 2:24-cr-20238

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION IN
LIMINE TO EXCLUDE EVIDENCE OF HOMICIDE (ECF No. 71)**

Defendant Anthony Lord McGee is charged with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). This charge stems from a shooting that occurred in Detroit, Michigan, on September 25, 2022, and left one person dead. McGee now seeks to exclude any evidence that a person died during the shooting, arguing it has little probative value and what probative value it might have is substantially outweighed by unfair prejudice. As explained below, McGee's motion will be granted, and evidence of the homicide that occurred as a result of the September 25, 2022 shooting will be excluded.

## I. BACKGROUND

At approximately 3:37 A.M. on September 25, 2022, a masked shooter "wearing distinct ripped jeans with patches" and underwear featuring an image and

title from the *Friday the 13th* movie franchise "opened fire in a strip mall parking lot. *See* ECF Nos. 70 at PageID.406; 71 at PageID.434; 74 at PageID.479. The shooter fired between 25 and 30 rounds of ammunition before fleeing. *See* ECF Nos. 71 at PageID.434; 74 at PageID.479. Tragically, a woman who happened to be standing near the parking lot when the shooter opened fire was shot eight times and died. *See* ECF Nos. 71 at PageID.434; 74 at PageID.479.

Soon after, "Detroit Homicide investigators" began investigating the shooting and "received an anonymous tip that McGee was shooter." ECF No. 74 at PageID.479. After receiving this tip, officers searched McGee's name in law-enforcement databases and learned that McGee had been a passenger in a car that was stopped for a traffic violation on September 14, 2022. *Id.* at PageID.479–80. So officers reviewed the body-camera footage from that traffic stop "and observed McGee wearing the same type of Friday the 13th underwear" that was worn by the masked shooter on September 25, 2022. *Id.* at PageID.480. As the investigation continued, officers obtained search warrants to review McGee's cell phone records, seize his phone, and search it. *Id.* at PageID.480–81.

In June 2024, McGee was indicted on two counts of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing ammunition as a felon, also in violation of 18 U.S.C. § 922(g)(1). ECF No. 22. In February 2025, one of the counts of being a felon in possession of a firearm was dismissed, *see* ECF

No. 40, and McGee pleaded guilty to the other, *see* ECF No. 74 at PageID.481 n. 1. Thus, only the ammunition charge remains.

In advance of trial—which is scheduled to begin on March 24, 2026, *see* ECF No. 72—McGee has filed two motions *in limine*. ECF Nos. 70; 71. This opinion and order addresses only one of those motions: McGee's motion in limine to exclude evidence of homicide. ECF No. 71. McGee argues any evidence that the September 25 shooting caused a homicide should be excluded because it is far more prejudicial than probative. The Government opposes McGee's motion, arguing it is *res gestae* evidence and not unfairly prejudicial. ECF No. 74. A hearing on McGee's motion was held on February 25, 2026.

## II. LEGAL STANDARD

"A 'motion *in limine*' is any motion 'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Good v. BioLife Plasma Servs., L.P.*, 605 F. Supp. 3d 947, 955(E.D. Mich. 2022), *reconsideration denied*, 647 F. Supp. 3d 555 (E.D. Mich. 2022) (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)). Motions in *limine* are designed "to narrow the issues remaining" and "minimize disruptions," *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999), and to help ensure "evenhanded and expeditious management of trials," *United States v. Phillips*, 146 F. Supp. 3d 837, 841 (E.D. Mich. 2015) (internal quotation marks and citation omitted), *aff'd in part*, 677 F. App'x 294 (6th

Cir. 2017). Indeed, "the Supreme Court has authorized district courts to rule on motions *in limine* 'pursuant to the district court's inherent authority to manage the course of trials.'" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)).

"A district court should grant a motion *in limine* to exclude evidence 'only when [that] evidence is clearly inadmissible on all potential grounds.'" *Id.* (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). "In cases where that high standard is not met, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (cleaned up) (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846); *see also Good*, 605 F. Supp. 3d at 955; *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007) ("It may be desirable in many cases to defer ruling . . . until trial.").

### III. DISCUSSION

The Government argues that McGee's motion *in limine* should be denied because evidence of the homicide[1] is relevant *res gestae* evidence that is not unfairly

---

[1] Although the parties' briefs focus primarily on the security camera footage from the day of the shooting, *see* ECF Nos. 71; 74; 76, McGee's motion ultimately seeks to "preclude the Government from presenting *any* evidence of a homicide" relating to the September 25 shooting. ECF No. 71 at PageID.440. Indeed, the scope of McGee's request was confirmed at the motion hearing, where the parties agreed that granting McGee's motion *in limine* would mean that (1) both expert and lay witnesses could not testify about the fact that someone died during the September 25 shooting; and (2) some audio recordings of 911 calls from the September 25 shooting would also be excluded.

prejudicial. ECF No. 74. McGee argues that it is not relevant *res gestae* evidence because "[t]he jury does not need to know about the homicide to convict McGee" for being a felon in possession of ammunition. ECF No. 76 at PageID.497.

## A. *Res Gestae* Determination

Under the specific circumstances of this case, evidence of the homicide that was caused by the September 25 shooting is not admissible as *res gestae* evidence.

### 1. Legal Standard

Under Federal Rule of Evidence 404(b), evidence of a separate "crime, wrong, or other act" than the one charged is inadmissible to "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1).

However, "[*r*]es gestae evidence, also described as 'background' or 'intrinsic' evidence, is 'an exception' to the Rule 404(b) bar on propensity evidence." *United States v. Gibbs*, 797 F.3d 416, 423 (6th Cir. 2015) (quoting *United States v. Adams,* 722 F.3d 788, 810 (6th Cir.2013)). Indeed, the Sixth Circuit has held that "*res gestae* [evidence] 'does not implicate Rule 404(b).'" *United States v. Geer*, No. 23-3857, 2024 WL 4564914, at *3 (6th Cir. Oct. 24, 2024) (quoting *United States v. Martinez*, 430 F.3d 317, 335 (6th Cir. 2005)).

As described by the Sixth Circuit in *United States v. Hardy*:

Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a

- 5 -

prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

228 F.3d 745, 748 (6th Cir. 2000).

Admitting background evidence allows the Government to "put the charges in the appropriate context." *Gibbs*, 797 F.3d at 424. Indeed, as the Sixth Circuit has recognized, "[i]t would be exceedingly difficult for witnesses to relay a story without referencing preceding or contemporaneous acts that are incidental but necessary to telling a cogent story, as it relates to the charges the defendant is facing." *Id.*

But even if evidence is properly considered "background evidence," it may still be inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." FED. R. EVID. 403; *see also United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015). "Courts must therefore 'err on the side of caution' to ensure that a party does not use this exception as a backdoor to admit otherwise inadmissible Rule 404(b) character evidence." *United States v. Peete*, 781 F. App'x 427, 433 (6th Cir. 2019) (quoting *Gibbs*, 797 F.3 at 425). The Sixth Circuit has recognized that "this [caution] is particularly necessary in felon-in-possession cases because 'the issue of possession often is tied to an act or acts that are not a part of the indictment.'" *Id.* (quoting *United States v. Brown*, 888 F.3d 829, 837 (6th Cir. 2018)).

## 2. Discussion

Here, the evidence of the homicide—that is, that the masked shooter killed someone—is not admissible under the *res gestae* exception to inadmissible other acts evidence.

The "story of the charged offense" here, according to the Government, is that McGee was the masked shooter, and that he carried out the September 25 shooting because of an ongoing feud about parking between business-owners at the Livernois Plaza. *See* ECF No. 74 at PageID.478 ("The murder was part of an ongoing dispute over parking space at the mall.") According to the Government, the intended target was A.U., the owner of a neighboring business—not the victim who died. *See id.* at PageID.486 (explaining "McGee shot and killed [the victim] while shooting at A.U."). That the masked shooter killed someone who was *not* A.U. is not necessary to complete the story of the charged offense—possession of ammunition. Nor is it necessary background evidence that "forms an integral part of a witness's testimony," as the alleged intended target of the shooting—A.U.—is still able to testify as to the alleged ongoing feud over parking and any motives McGee might have had to shoot at him on September 25, 2022. *See Hardy*, 228 F.3d at 748.

The Government argues the evidence that someone other than A.U. was shot and killed is necessary *res gestae* evidence because "[t]he murder occurred simultaneously with McGee's unlawful possession of the ammunition," thus it is

necessarily temporally and spatially connected to the charge of McGee being a felon in possession of ammunition. ECF No. 74 at PageID.486. In making this argument, the Government leans heavily on two Sixth Circuit cases: *United States v. Peete* and *United States v. Curtis*. Both *Peete and Curtis* are cases in which the defendant was charged with being a felon in possession of a firearm, and the underlying facts involve a shooting that occurred—much like the case here. *See generally, Peete*, 781 F. App'x 427; *Curtis*, No. 24-1095, 2025 WL 448945, at *1 (6th Cir. Feb. 10, 2025).

But *Peete* and *Curtis* differ from this case in a crucial way. In both cases, the Government's theory of the case relied on explaining why the defendant shot the victim. Put differently, to complete the story in *Peete* and *Curtis*, it was necessary for the Government to introduce background evidence about *who* the defendant shot and *why*. Here, that is not the case. The Government alleges that the person who was shot was *not* the intended target—thus, the victim's identity and tragic death are not necessary to complete the story the Government will tell.

At base, the Parties do not dispute that the masked shooter unloaded over 25 rounds of ammunition during the September 25 shooting. Indeed, as McGee notes, he is not arguing that the masked shooter did not possess ammunition. *See* ECF No. 71 at PageID.438. He is arguing that he was not the masked shooter who opened fire on September 25, 2022. *See id.*; *see also* ECF No. 76 at PageID.500 ("This is what this case is about: whether the suspect that possessed the ammunition on the video

- 8 -

is McGee."). And the fact that a bystander was shot and killed during the shooting is not background evidence necessary to the Government's story about *why* McGee was the shooter, nor is it background evidence necessary to any testimony by A.U. or forensics experts. Quite simply, it is not necessary background context. Thus, it is not admissible as *res gestae* evidence.

### B. Rule 403 Balancing

Even if evidence of the homicide was admissible as *res gestae* evidence, it would still be inadmissible because the probative value of the evidence is substantially outweighed by a danger of unfair prejudice.

### 1. Legal Standard

Under Federal Rule of Evidence 403, courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. P. 403.

The Sixth Circuit defines unfair prejudice as the "undue tendency to suggest a decision based on improper considerations[.]" *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999).

### 2. Discussion

It is true that the fact of the homicide has *some* probative value—it shows that the masked shooter possessed ammunition. But that probative value is minimal,

especially considering there remains other evidence showing the masked shooter possessed ammunition: namely, the many other spent shell casings in the strip mall parking lot and the security camera footage that shows the masked suspect possessing and shooting a firearm into the parking lot—security camera footage that does not show the victim being shot and dying. *See* ECF No. 71 at PageID.437–38.

Balancing the probative value of the homicide with the unfair prejudice that might be caused by the homicide, this Court finds the danger of unfair prejudice far outweighs the minimal probative value. Indeed, the danger of unfair prejudice is high because evidence of the homicide introduces content that could cause the jury to find McGee guilty of possession of ammunition solely to hold someone accountable for the tragic death of the victim. And this danger substantially outweighs the probative value here, especially considering there is other evidence of the shooter's possession of the ammunition available that has "the same probative value but *without* the unfair prejudice." *United States v. Adams*, 722 F.3d 788, 831 (6th Cir. 2013) (emphasis added) (citing *United States v. Merriweather,* 78 F.3d 1070, 1077 (6th Cir.1996); *Old Chief v. United States*, 519 U.S. 172 (1997)).

At bottom, the fact of the homicide is not *res gestae* evidence, and even if it was, in the circumstances of these case, the danger of unfair prejudice far outweighs any probative value it might hold. Thus, McGee's motion *in limine* will be granted and evidence of the homicide will be excluded at trial.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion *in Limine* to Preclude

Evidence of Homicide, ECF No. 71, is **GRANTED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 10, 2026